UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD FELTMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV217 CDP |
| ) | |
| DEAN FOURNIE AND EPPENDORF ) | |
| NORTH AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Plaintiff Ronald Feltmann filed this action alleging claims under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* (MHRA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (ADEA). Plaintiff alleges the defendants, Eppendorf North America and its employee, Dean Fournie, failed to hire him because of his age. On February 28, 2012, defendants filed a motion to dismiss all claims against Fournie. They also moved to dismiss the MHRA and Title VII claims against Eppendorf. To date, plaintiff has failed to file a response, and the deadline for doing so has passed. For the reasons detailed below, I will grant the motion dismiss, leaving only the ADEA claim remaining against Eppendorf.

1

## Discussion

*MHRA Claims*

The defendants move to dismiss the MHRA claims against both defendants. The MHRA contains a specific ninety-day limitation period stating the following: "Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred...." Mo. Rev. Stat. § 213.111(1) (2011). Missouri courts have strictly construed this ninety-day limitation period. *Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 139 (Mo. Ct. App. 2003). Here, Feltmann's notification letter is dated July 15, 2011, yet he did not file this suit until December 27, 2011. Consequently, the case was filed well beyond the ninety-day limitation period, so the MHRA claims against both defendants must be dismissed.

*Title VII Claims*

The defendants also move to dismiss the Title VII claims against both defendants. "A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006). This requires a Title VII plaintiff to "file a charge of discrimination with the EEOC before bringing a civil suit." *Nichols v. Am. Nat'l Insur. Co.*, 154 F.3d

875, 886 (8th Cir. 1998). The administrative complaint should be construed liberally to serve the remedial purpose of Title VII, and relief may be sought "for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Id*. at 886-87. However, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which was simply not made." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (quoting *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

Feltmann's administrative charge before the Missouri Commission on Human Rights alleges denial "of employment due to my age, 59." The administrative charge states no other basis of discrimination that might in some way be related to any protected class under Title VII. By not bringing an administrative charge alleging a Title VII claim before the EEOC or MCHR, Feltmann has failed to exhaust his administrative remedies prior to filing this suit. Therefore, the Title VII claims against both Eppendorf and Fournie must be dismissed.

***ADEA Claim Against Fournie***

The defendants next argue the ADEA claim against Fournie should be dismissed because he was not Feltman's "employer" as that term is used in the

3

ADEA. The Eighth Circuit has not ruled on whether individual employees can be held liable under the ADEA, but other circuits have found they cannot be liable. *See Birkbeck v. Marvel Lighting Co.*, 30 F.3d 507, 510-511 (4th Cir. 1994) *cert. denied*, 513 U.S. 1058 (1994). The Eighth Circuit has held that Title VII does not impose liability on supervisors. *See Spencer v. Ripley County State Bank*, 123 F.3d 690 (8th Cir. 1997). The definitions are very similar, and I have previously concluded that the ADEA does not impose individual liability. *See McCann v. New World Pasta Co.*, No. 4:10CV1694, 2010 WL 3834650, at *1 (E.D. Mo. Sep. 27, 2010). Other district judges in this circuit have reached the same conclusion. *See Grisson v. Arnott*, No. 09-03244-CV-S-SWH, 2012 WL 1309266 (W. D. Mo. April 16, 2012); *Ebersole v. Novo Nordisk, Inc.*, No. 1:11CV25SNLJ, 2011 WL 6115655 (E.D. Mo. Dec. 8, 2011); *Rodgers v. Data Transmission Network*, No. 8:10CV46, 2011 WL 1134670 (D. Neb. March 25, 2011). Plaintiff's ADEA claim against defendant Eppendorf is sufficient to proceed at this time, but the ADEA claim against Fournie must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Eppendorf and Fournie's motion to dismiss [#5] is **GRANTED** in part. The MHRA and Title VII claims brought against Eppendorf are hereby **DISMISSED**, and only the ADEA claim

against Eppendorf remains. All claims against Fournie are hereby **DISMISSED**.

This case will be set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2012.